IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN WHITE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1067 |
| | : | |
| FITZGERALD MERCY HOSPITAL, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                                                                                      **JUNE   13, 2024**

Plaintiff Calvin White brings this civil action against Mercy Fitzgerald Hospital[1] in Darby, Pennsylvania, claiming that he did not receive proper medical treatment at the hospital for injuries caused by a police officer who shot him in the foot. White seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.

I.        **FACTUAL ALLEGATIONS**

White alleges that he was brought Mercy Fitzgerald Hospital on May 5, 2020 at approximately 4:00 p.m. after he was shot in the foot by police. (Compl. at 3.) He alleges that he was "yelling and screaming the cop broke my foot" but that he was not given an x-ray for his foot even though he was provided other x-rays. (*Id.*) White speculates that the reason he was not given an x-ray on his foot was to "cover for the cop" who shot him. (*Id.*)

White alleges that he had a video of the shooting and that he obtained a judgment against the officer who shot him. (*Id.*) He wants to sue the hospital because they only gave him "first

---

[1] The Complaint mistakenly refers to the Defendant as "Fitzgerald Mercy Hospital." The Court will use the hospital's proper name.

aid base[d] care" and then sent him to jail for a crime he claims he did not commit.  (*Id.*)  White alleges that he received therapy (apparently on his foot) for seven months, which did not help him, and that he now has a deformed bone in his foot that will never heal.  (*Id.* at 3-4.)  He seeks $500,000 in damages.  (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court grants White leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case and he has repeatedly represented that he is incapable of paying the fees.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.  Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").  "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).  As White is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

White's Complaint is best construed as raising medical malpractice claims under Pennsylvania law based on the allegedly inadequate medical treatment he received for his foot.[2] *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through

---

[2] The Complaint does not assert any factual basis that would support the Court's exercise of federal question jurisdiction here, including under any of the civil rights statutes. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) ("Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims.") (footnote omitted); *In re Sesay*, No. 22-0082, 2022 WL 1104062, at *12 (E.D. Pa. Apr. 12, 2022) (holding that Mercy Fitzgerald Hospital is not a state actor).

however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted).  However, a plaintiff need not affirmatively allege the citizenship of a defendant LLC at the pleading stage if he was unable to determine citizenship after a reasonable investigation.  *See Lincoln Benefit Life Co.*, 800 F.3d at 102.

White does not allege the citizenship of the parties and his use of Pennsylvania addresses for himself and Mercy Fitzgerald Hospital suggests that the parties are not diverse.  Since the jurisdictional requirements are not satisfied, this Court lacks the ability to hear White's case.  Accordingly, the Court will dismiss White's Complaint for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.  White will be given leave to file an amended complaint if he can cure the jurisdictional defects identified above.  Alternatively, he may opt to withdraw this case and refile his claims in state court, where federal jurisdiction will not be an issue.[3]  An Order follows.

                                        **BY THE COURT:**

                                        /S/Wendy Beetlestone, J.
                                        _____
                                        **WENDY BEETLESTONE, J.**

---

[3] The Court expresses no opinion on the merits of White's claims.