IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN WHITE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1067 |
| | : | |
| FITZGERALD MERCY HOSPITAL, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                                          **JUNE  25, 2024**

Currently before the Court is an Amended Complaint filed by Plaintiff Calvin White based on allegations that he did not receive proper medical treatment when the Defendants, all of whom are medical staff at Mercy Fitzgerald Hospital, treated him for injuries he sustained when a police officer shot him in the foot.  (ECF No. 15.)  For the following reasons, the Court will dismiss White's Amended Complaint.

**I.        FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

White filed his initial Complaint against Mercy Fitzgerald Hospital, seeking to "sue the hospital because they only gave him 'first aid base[d] care' and then sent him to jail for a crime he claims he did not commit."  *White v. Fitzgerald Mercy Hosp.*, No. 24-1067, 2024 WL 2980237, at *1 (E.D. Pa. June 13, 2024) (alteration in original).  In a June 13, 2024 Memorandum and Order, the Court granted White leave to proceed *in forma pauperis* and dismissed his Complaint.  (ECF No. 13 & 14.)  The Court construed White's Complaint as "as raising medical malpractice claims under Pennsylvania law based on the allegedly inadequate medical treatment he received for his foot."  *White*, 2024 WL 2980237, at *2.  However, since White failed to allege the parties' citizenship, there was no basis for the Court to exercise

jurisdiction over his claims pursuant to 28 U.S.C. § 1332(a).  The Court also noted that there was no basis to exercise federal question jurisdiction under 28 U.S.C. § 1331, "including under any of the civil rights statutes."  *White*, 2024 WL 2980237, at *2 n.2.

The Court gave White an opportunity to file an amended complaint in the event he could cure the jurisdictional defects in his claims.  *Id.* at *2.  He returned with the pending Amended Complaint, which asserts claims against Garret Luettgen, Srinivas Balaji, and Kara Donnelly, all of whom appear to have been employed as medical staff at Mercy Fitzgerald Hospital during the events in question.  (Am. Compl. 1-3.)  White alleges that on May 5, 2020, he was dropped off at Mercy Fitzgerald Hospital "screaming in pain that [he] had been shot in the left foot."  (*Id.* at 3.)  He claims that "doctors" tied him down and gave him medication that "knocked [him] out."  (*Id.*)  He contends that the Defendants only provided x-rays for his back, head, and eyes and "said that [his] pain was a zero [which] was a lie."  (*Id.*)  White alleges that he suffered a fracture in his foot for which he received seven months of therapy.  (*Id.* at 4.)  He seeks damages.  (*Id.*)

**II.     STANDARD OF REVIEW**

Since White is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").  "Jurisdictional [issues] . . . may be raised at any time and

courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.    DISCUSSION

Although White indicated, by checking the appropriate location on the Court's form complaint, that he intends to raise federal claims against the Defendants, nothing in his Amended Complaint suggests an appropriate basis for this Court to exercise federal question jurisdiction over this case. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) ("Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims.") (footnote omitted); *see also Carver v. Plyer*, 115 F. App'x 532, 539 (3d Cir. 2004) (hospital and its employees were not state actors despite police presence); *In re Sesay*, No. 22-0082, 2022 WL 1104062, at *12 (E.D. Pa. Apr. 12, 2022) (holding that Mercy Fitzgerald Hospital is not a state actor). Rather, White's Amended Complaint, like his initial Complaint, is best construed as raising medical malpractice claims under Pennsylvania law based on the allegedly inadequate medical treatment he received for his foot. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.").

District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled,

meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Since White alleges that he and the Defendants are all citizens of Pennsylvania, (Am. Compl. at 3), the parties are not diverse. Accordingly, the Court will dismiss White's Amended Complaint for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss White's Amended Complaint without prejudice for lack of subject matter jurisdiction. No further leave to amend will be given because amendment would be futile. An Order follows, which dismisses this case.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**